UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE K. YOUMANS,<br><br>                      Plaintiff,<br><br>-against-<br><br>VILLAGE OF HOOSICK FALLS, NY, et al.,<br><br>                      Defendants. | 1:24-CV-9892 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Julie K. Youmans, of Seminole, Florida, brings this *pro se* action under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and under 42 U.S.C. § 1983, seeking damages and injunctive relief. Plaintiff names the following defendants: (1) the Village of Hoosick Falls, located in Rensselaer County, New York; (2) Rensselaer County; (3) the "State of New York Corporation," located in Albany, Albany County, New York, which the Court understands to be the State of New York; (4) the Village of Hoosick Falls Police Department; (5) Hoosick Falls Village Court Judge Harold McClellan; (6) "Officer Wright"' (7) "Officer John Doe"'; (8) Matt Turner, whom Plaintiff alleges is a public defender located in East Greenbush, Rensselaer County; and (9) the State of New York. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

**DISCUSSION**

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The State of New York resides in all of the federal judicial districts within the State of New York, including this one.[1] *See* 28 U.S.C. § 112. Rensselaer County, the Village of Hoosick Falls, and its Police Department all reside within Rensselaer County, within the Northern District of New York. *See* § 112(a). Plaintiff does not, however, allege where any of the remaining individual defendants resides. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that the alleged events that are the bases for her claims occurred in the Village of Hoosick Falls, in Rensselaer County (ECF 1, at 4), which lies within the Northern District of New York, *see* § 112(a). Thus, the United States District Court for the Northern District of New York, and not this court, appears to be a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (New York City Borough of Manhattan), Bronx (New York City Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* 28 U.S.C. § 112(b).

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of this action under Section 1404(a) appears to be appropriate because: (1) the underlying alleged events occurred in Rensselaer County, within the Northern District of New York; (2) all the defendants, if they are not alleged to reside in that judicial district, are at least alleged to be located there (ECF 1, at 2-3); and, thus, (3) it is reasonable to expect that relevant documents and witnesses would be located there. The United States District Court for the Northern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed

further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 6, 2025
             New York, New York

                                                           /s/ Laura Taylor Swain
                                                           LAURA TAYLOR SWAIN
                                                           Chief United States District Judge